UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Osborne | CIVIL ACTION NO. |
| Plaintiff, | 06-Civil-4143 (   ) |
| v. | Plaintiff Demands A Trial by Jury |
| PepsiCo, Inc. | |
| Defendant. | May 25, 2006 |

## COMPLAINT

**INTRODUCTION**

1.      This is an action to redress the age discrimination suffered by Plaintiff in violation of the Age Discrimination in Employment Act of 1969 ("ADEA"), 29 U.S.C. § 621, et seq. as amended, the Human Rights Law/Executive Law of New York §296-301.

**JURISDICTION**

2.      The jurisdiction of this Court is invoked pursuant to section 626(c) of the Age Discrimination in Employment Act of 1969 ("ADEA"), 29 U.S.C. § 621, et seq. as amended, as well as, 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, and pursuant to this Court's supplemental jurisdiction.

3.      Plaintiff has exhausted his administrative remedies by filing a timely complaint with the Equal Employment Opportunities Commission (EEOC) on March 2, 2006. More than 60 days have elapsed since the filing of these charges.

4.     Plaintiff received notice of his right to sue from the EEOC dated May 19, 2006. A copy of that notice is appended hereto as Attachment A. This action is brought within 90 days of the right to sue notice.

**PARTIES**

5.     During all times relevant to this complaint, Plaintiff resided in the State of Connecticut and was an employee under ADEA and the Executive Law of New York.

6.     Plaintiff is 57 years of age; his date of birth is October 1, 1948.

7.     During all times relevant to this complaint, PepsiCo, Inc.("PepsiCo") was, an employer under ADEA and the Executive Law of New York.

8.     PepsiCo, Inc.'s headquarters are in Purchase, New York.

**THE FACTS**

9.     Plaintiff worked for Defendant for nearly twenty-eight (28) years prior to his termination; he was hired on February 6, 1978. During Plaintiff's employment with Defendant, he won many awards for his performance.

10.    Plaintiff's last position with Defendant was Vice President of Contract Manufacturing/Operations. He was responsible for the manufacturing of brands that generated over a billion dollars in annual revenues.

11.    During Plaintiff's employment, he was the most knowledgeable and experienced person in PepsiCo regarding the company's beverage co-packing business. Co-packing is the collaboration between Defendant and outside companies in the packaging and marketing of food and beverages.

12.    Plaintiff took over the co-packing business in 1994 after it had lost over

$20 million dollars in the prior two years and turned it around into a business generating hundreds of millions of dollars in profits. With Plaintiff's successful management of the business, Defendant avoided significant capital costs (at least $200 million).

13. Plaintiff grew the co-packing business to one which generates over a billion dollars in annual revenues. In addition, under Plaintiff's stewardship, Defendant's hot fill beverage co-packing business became the largest of its kind in the country.

14. Plaintiff was informed by Louis Imbrogno, Senior Vice President of PepsiCo North America and Worldwide Technical Operation, on December 8, 2005 that he was going to be terminated on January 24, 2006.

15. Plaintiff was specifically told by Mr. Imbrogno that his termination was not as a result of any performance issue, but rather that Defendant was going through a restructuring and trying to cut costs.

16. Plaintiff subsequently learned that no restructuring was going to occur in his business other than he had been replaced with a much younger individual—Art Lawrence. During all relevant times, Mr. Lawrence was in his mid 40s.

17. Mr. Lawrence took over Plaintiff's job of Vice President of Contract Manufacturing/Operations and was given minor additional responsibilities for the Tropicana chilled juice co-packing business and the co-packing business for Quaker Foods.

18. Mr. Lawrence had no beverage or co-packing experience whatsoever and yet, Defendant chose the younger Mr. Lawrence, who had lost his job during a restructuring in PepsiCo's Frito Lay snack division, to run Defendant's co-packing beverage business.

19. Apparently Defendant decided that retaining a younger employee over a significantly older employee was more important than retaining the individual most qualified for the job.

20. Plaintiff has been harmed by Defendant's discriminatory actions.

## COUNT ONE (ADEA Violation)

1- 20. Paragraphs 1-20 are hereby incorporated by reference as paragraphs 1 through 20 of this Count One, as if they had been set forth in full.

21. Defendant discriminated against Plaintiff by using his age as a substantial factor in selecting him for termination.

22. Defendant's action violated the ADEA.

23. Defendant willfully discriminated against Plaintiff in that it had knowledge that the above described acts were in violation of the ADEA or had reckless disregard for the provisions of the ADEA.

## COUNT TWO (New York Executive Law § 296 Violation)

1- 21. Paragraphs 1-21 are hereby incorporated by reference as paragraphs 1 through 20 of this Count Two, as if they had been set forth in full.

22. The above acts subjected Plaintiff to unlawful discrimination in violation of the New York Executive Law § 296.

WHEREFORE, Plaintiff claims:

1. Back pay, front pay and the value of all lost employment benefits in an amount to be determined by the trier of fact with interest from the dates when said sums were due;

2.   Liquidated damages in an amount to be determined by the trier of fact;

3.   An injunction permanently enjoining the defendant, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them from engaging in any employment practice which discriminates on account of age;

4.   Compensatory damages;

5.   Punitive damages;

6.   Attorney's fees and the costs; and

7.   Such other and further relief as this Court deems necessary and proper.

THE PLAINTIFF,

By: _____
Victoria de Toledo
Casper & de Toledo LLC
1458 Bedford Street
Stamford, CT  06905
Tel. No.: (203) 325-8600
Fed. Bar No.: VD6533
Email: vdetoledo@cadetlaw.com

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: John Osborne<br>108 High Ridge Road<br>Ridgefield, CT 06877 | From: Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-00867 | Feng K. An,<br>Investigator | (617) 565-2141 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

19 MAY 2006
*(Date Mailed)*

Enclosures(s)

cc: PEPSICO, INC.
c/o Raymond A. Cowley, Esq.
Cox Smith Matthews
801 E. Fern, Suite 112
MCallen, Texas 78501

John Osborne
c/o Victoria de Toledo, Esq.
Casper & De Toledo, LLC
1458 Bedford Street
Stamford, CT. 06905